### 29225. CARY *v.* DAVISON-PAXON COMPANY.

Decided March 12, 1942.

*Philip Etheridge,* for plaintiff.

*Alston, Foster, Moise & Sibley,* for defendant.

STEPHENS, P. J. Mrs. W. W. Cary brought suit against the Davison-Paxon Company to recover $500 damages for breach of contract. The petition as amended alleged that the plaintiff delivered to a clerk of the defendant a pair of baby shoes which had been worn by the plaintiff's son, which were to be bronzed and made into book-ends in order that the shoes might be preserved; that at the time, as alleged in paragraph 4 of the petition, the plaintiff informed the clerk that the shoes were the first shoes ever worn by her son, now grown, and she was anxious that the shoes be preserved; that the plaintiff paid the necessary down payment and agreed to pay the balance on completion of the work; that the clerk accepted the shoes and assured the plaintiff they would be well cared for; that several weeks later the plaintiff was informed by another agent of the defendant that the shoes had been destroyed by fire in the delivery room of the defendant's store. The petition also alleged that the shoes were of a reasonable value of $5 and were of great worth to the plaintiff on account of the circumstances which the plaintiff made known to the defendant; that the defendant has violated its agreement to preserve the shoes by allowing them to be destroyed. The plaintiff prayed for a recovery of general and special damages as well as nominal damages.

The defendant demurred generally and specially to paragraph 4 of the petition. The defendant also demurred to the allegations in paragraph 8 of the petition with respect to the shoes being "irreplaceable and of great worth . . on account of the circumstances which the petitioner made known to the defendant" as alleged in paragraph 4, on the ground that the allegation is a conclusion of the pleader and does not state a true legal measure of damages. In paragraph 10 it is alleged that the defendant was guilty of wantonness and gross negligence. Answering the petition the defendant denied all material allegations thereof, but admitted the destruction of the shoes and that it had accepted the down payment made by the plaintiff, and stated that it had tendered the down payment to the plaintiff. The defendant also alleged

that it was willing to pay the plaintiff the reasonable value of the shoes, and prayed that the plaintiff's judgment be limited to the amount tendered plus the actual value of the shoes and costs of court. The court sustained the demurrers to paragraphs 4 and 8 and thereby limited the plaintiff to a recovery of the actual value of the shoes, which the plaintiff alleged was $5, and nominal damages. The plaintiff excepted pendente lite to the ruling of the court sustaining the demurrer. The defendant denied liability. On the trial there was evidence introduced tending to support the allegations of the petition. The jury returned a verdict for the plaintiff in the amount of $5. The plaintiff moved for a new trial on the general grounds only. The court overruled the motion and to the judgments overruling the motion and sustaining the demurrers the plaintiff excepted.

Whether or not the plaintiff's measure of damage under the facts alleged in the petition are more than the actual or market value of the shoes, but is the actual value of the shoes to her as measured by any facts or circumstances which tended to show any sentimental attachment which the plaintiff had for the shoes, there is no allegation in the petition of any such facts. The petition alleges categorically that the reasonable value of the shoes was $5, and that they were irreplaceable and of great worth to petitioner on account of "circumstances which petitioner made known to the defendant as above alleged." The circumstances above alleged consist in the allegation in the petition that the plaintiff informed the clerk of the defendant that the shoes were the first pair of shoes that her son, now grown, had ever worn, and that petitioner was extremely anxious that the shoes be preserved. This is only an allegation that the plaintiff stated to the clerk that the shoes were the first pair of baby shoes ever worn by the plaintiff's son who is now twenty-three years of age, and that the plaintiff was anxious to have the shoes preserved. The petition therefore alleges no facts as to the character of the shoes as would give them any value to the plaintiff other than the value which the plaintiff alleges is their reasonable value—$5. The court therefore did not err in sustaining the demurrers to paragraphs 4 and 8 of the petition which contain the allegations just above referred to. The court did not err in sustaining the demurrer to paragraph 10 in which the plaintiff sought to recover for wantonness and gross neg-

ligence on the part of the defendant for the loss of the articles sued for. The allegations of the petition limit the plaintiff to a recovery of only the reasonable value of the shoes, which the plaintiff alleges is $5, and under the allegations there can be no recovery for any sum for wantonness or gross negligence on the part of the defendant for the loss of the shoes.

The plaintiff is not entitled to recover a sum in excess of $5. The evidence therefore does not demand a finding for the plaintiff of a sum in excess of $5. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*